## Barnett v. Robinson.

(Decided March 1, 1935.)

H. C. CLAY for appellant.

C. R. LUKER for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

On April 14, 1933, J. W. Robinson filed this action under section 518 of the Civil Code of Practice for a new trial of an action wherein a default judgment had been taken against him, and having obtained the desired relief, S. C. Barnett, the beneficial owner of the attacked judgment, has appealed.

### The Old Suit.

In August, 1925, S. C. Barnett was preparing to remove from Laurel county to Shelby county, and he sold his crop to Sam C. Collier, for which on August 7th, a six-month note for $440 was given Barnett by Collier, with Chester Robinson and J. W. Robinson as sureties thereon.

On February 7, 1926, a 12-month note for $408 was given Barnett in renewal of the balance upon this debt. On June 22, 1927, $100 was paid thereon and on May 1, 1929, $50 was paid. The sureties on this renewal note are Chester Robinson and J. A. Robinson or J. W. Robinson, that last signature being disputed, and Mr. George G. Brock, an attorney, testifies in this case that he cannot tell whether this initial is an "A or W."

Barnett borrowed some money from a bank in Shelbyville, John Graybeal became his surety and Barnett put up this renewal note as collateral. John Graybeal died in 1930, Chris. Graybeal became his administrator, and, on April 21, 1931, he sued S. C. Collier, Chester Robinson, and J. A. Robinson as the makers of this note. Process issued and was placed in the hands

of W. H. Steele, the sheriff of Laurel county. He approached J. W. Robinson for the purpose of serving it on him and he says J. W. Robinson told him he was not the man he wanted to see, but that this process was for J. A. Robinson, and so it happened that it was served on J. A. Robinson, referred to in this record as "Buffer Jim," who established that he was not the man wanted. On May 4, 1931, an alias process was issued upon which there appears this return:

> "Executed by delivering a true copy of the within summons to J. A. Robinson (James Robinson). May 6, 1931.
>
> "W. H. Steele, S. L. C."

On February 22, 1932, without the petition being amended, judgment was entered as follows:

> "The defendants, S. C. Collier, Chester Robinson and J. A. Robinson, alias J. W. Robinson, having each been duly summoned and failing to make answer or defense herein, the petition is taken as true and for confessed, it is therefore ordered and adjudged by the court that the plaintiff, Chris Graybeal, administrator of the estate of John Graybeal, deceased, recover of the defendants, S. C. Collier, Chester Robinson and J. A. Robinson, alias J. W. Robinson, the sum of Four Hundred and Eight and no/100 dollars ($408.00) with interest thereon from February 7th, 1926, until paid, subject to a credit of One Hundred Dollars ($100.-00) paid February 7th, 1927, and the further sum of Fifty Dollars and no/100 ($50.00) paid May 1st, 1929, and it is further adjudged by the court that the plaintiff recover his costs herein expended from said defendants, and for which debt interest and costs execution may issue upon the request of the plaintiff, or any one for him, and this cause is now stricken from this court's docket."

Barnett paid his note in bank, and, on March 25, 1933, Chris. Graybeal, as administrator, assigned this judgment to Barnett. On March 29, 1933, an execution was issued on this judgment and placed in the hands of the sheriff.

### The Suit Before Us.

On April 11, 1933, J. W. Robinson filed this suit in equity as set out above.

Robinson in his testimony admitted he signed the original note, but denied signing the renewal, denied all knowledge of the suit by Graybeal, denied that any process was ever served upon him, and denied any admissions of liability on the renewal note. The sheriff, Steele, testified as set out above, and, in addition, testified to the service upon J. W. Robinson as set out in his return copied above, and, while it is stated in that return that the process was served on "J. A. Robinson (James Robinson)," yet Mr. Steele testifies that he made this service upon the plaintiff, J. W. Robinson, whom he identifies as "the one here in town, Uncle Jimmy or J. W. Robinson, the only James Robinson living in London, a man with whom I have been acquainted for 25 years, the one living on Main Street, the plaintiff in this case." Mr. Robinson's denial of service was fully as emphatic.

This is not an attack on this officer's return, so section 3760, Ky. Stats., is not involved. The officer's return does not show that process was served on J. W. Robinson. His testimony is to that effect, but the situation pictured in this record is this: A suit was filed in which one of the defendants is named and sued as J. A. Robinson; the suit is on a note signed, as far as this record shows, by J. A. Robinson; the process issued for J. A. Robinson, and the return shows service on J. A. Robinson; yet without amending the pleadings or correcting the officer's return a default judgment was taken as shown above. In Allgood v. Atkinson et al., 198 Ky. 229, 248 S. W. 525, Allgood was named as a defendant and process was served upon him, yet we reversed the judgment which he had allowed to go by default because the pleadings did not state a cause of action against him. Here the pleadings in the old case did not even mention J. W. Robinson. A judgment entered against J. W. Robinson in such a state of the pleadings cannot be sustained. A judgment must conform to, and be supported by, the pleadings in the case. 33 C. J. p. 1139, sec. 87.

J. W. Robinson's defense to the old action which he asserts in this new one is that he did not sign the note sued on in the old action, which is a matter to be determined in that action when the pleadings have been properly amended and concerning the merits of which defense we express no opinion.

Judgment affirmed.